PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE DICKERSON, | ) | |
| | ) | CASE NO. 1:11CV2713 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION** |
| SECURITY, | ) | **AND ORDER RE: AFFIRMING** |
| | ) | **COMMISSIONER'S DECISION** |
| Defendant. | ) | [Resolving ECF No. 20] |

The Social Security Administration denied Plaintiff's application for supplemental security income (SSI) benefits in the above-captioned case. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Report and Recommendation (ECF No.17) recommending that the Commissioner's decision be affirmed.

**I.**

When the Magistrate Judge submits a Report, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the

(1:11CV2713)

Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge ("ALJ"). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also

(1:11CV2713)

consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II.

The Court has reviewed the Report and Recommendation (ECF No.17) of the magistrate judge *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 20) and Defendant's Response (Doc. 21). The Court finds that Plaintiff's Objections (ECF No. 20) raise no arguments (factual or legal) that have not been fully addressed by the magistrate judge's Report and Recommendation (ECF No.17). The Court agrees with the magistrate judge that:  (1) the ALJ properly assessed Plaintiff's credibility; and (2) the administrative record contains substantial evidence to support the ALJ's Step Five determination.

Plaintiff did not provide sufficient medical evidence of his claimed disability, and the ALJ appropriately found that his testimony was not sufficiently credible to overcome the lack of medical evidence with regard to his pain level and alleged need for physical restrictions. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). "Credibility determinations regarding a claimant's

(1:11CV2713)

subjective complaints [of pain] rest with the ALJ." *Dozier v. Astrue*, No. 1:11CV0782, 2012 WL 2344163, at *5 (N.D. Ohio March 15, 2012) (White, M.J.) (citing *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)), *approved and adopted*, 2012 WL 2343907 (N.D. Ohio June 20, 2012) (Pearson, J.).  "The ALJ's credibility findings are entitled to considerable deference and should not be discarded lightly." *Id.* (citing *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987)).  The Court agrees with the magistrate judge that the ALJ's credibility assessment in the case at bar is not a sufficient basis for reversing the ALJ's decision.

At Step Five of the sequential analysis, after considering Plaintiff's vocational factors, residual functional capacity ("RFC"), and the evidence from the vocational expert ("VE"), the ALJ found that Plaintiff was capable of performing work that existed in significant numbers in the national economy.  Transcript (ECF No. 13) at PageID #: 74-75.  Thus, the ALJ concluded that Plaintiff was not disabled.  ECF No. 13 at PageID #: 75.  The Court agrees with the magistrate judge that Plaintiff's arguments regarding the ALJ's Step Five determination are without merit and not a basis for reversal.  To satisfy this burden at Step Five, the ALJ may rely on the testimony of a VE as long as it is in response to a hypothetical that accurately reflects the claimant's physical and mental limitations.  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  In formulating the hypothetical, the ALJ only needs to incorporate those limitations she accepts as credible.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).  The Court concludes that the ALJ Step Five analysis comported with the Commissioner's burden at Step Five.

4

(1:11CV2713)

### III.

Accordingly, the Report and Recommendation (ECF No.17) of the Magistrate Judge is hereby adopted and the Plaintiff's Objections are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

    IT IS SO ORDERED.

| | |
|---|---|
| February 6, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |